UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FENGEMI LI,                                          Case  No. 09-11363

          Plaintiff,                              Stephen J. Murphy, III
vs.                                                  United States District Judge

RECELLULAR, INC.,                                    Michael Hluchaniuk
                                                     United States Magistrate Judge

          Defendant.
_____/

## ORDER DENYING PLAINTIFF'S SECOND MOTION
## FOR APPOINTMENT OF COUNSEL (Dkt. 16)

This  matter is before the Court on plaintiff's second motion for appointment

of counsel.  (Dkt. 16).  Plaintiff brings this action against defendant claiming

violations the Elliott-Larsen Civil Rights Act, Title VII, the Whistleblower

Protection Act, and the Whistleblower Protection Act under the Solid Waste

Disposition Act, Toxic Substances Control Act, and various other state and federal

statutes and Michigan common law.  (Dkt. 1).  An order granting plaintiff's

application to proceed *in forma pauperis* and directing service of process on

defendant was entered on April 17, 2009.  (Dkt. 4).  On April 23, 2009, District

Judge Steven J. Murphy, III, referred this matter to the undersigned for all pretrial

purposes.  (Dkt. 10).

Plaintiff previously filed an application for the appointment of counsel on April 10, 2009.  (Dkt. 3).  While plaintiff completed the financial affidavit in support of her application for the appointment of counsel, she provided no reasons in support of her request, and the Court denied her request.  (Dkt. 12).  Plaintiff filed a second motion for the appointment of counsel, citing her difficulties with speaking and understanding English, among other issues.  (Dkt. 16).  The Court previously cautioned plaintiff that even if she could show good cause for the Court to appoint counsel, such an appointment is not automatic and that finding an attorney willing to take a court appointment is a difficult, lengthy, and often fruitless process.  (Dkt. 20).

Previously, plaintiff had not described her good faith efforts to exhaustively find counsel and the Court directed her to describe, in detail, all of her efforts to obtain counsel and an interpreter. (Dkt. 20).  In her response, plaintiff says she went to the Washtenaw County Bar Association and asked for an attorney that would not require a retainer.  According to plaintiff, the Bar Association required her to pay a $30 referral fee, which would allow her to speak with an attorney for 30 minutes, but could not offer any guarantee about the charges a referral attorney would require.  Plaintiff concluded that she could not waste $30 on an uncertain referral.  Plaintiff says she also went to the Washtenaw County public defenders

office, but was told they only provide assistance to criminal defendants.  She also went to the "Legal Resource office in state court," where she apparently asked how to file a removal motion. The Michigan law school student clinic told her that they do not take environmental or discrimination cases.

Plaintiff also attaches email correspondence that purports to be with a lawyer, although the identity of the attorney is unclear.  According to plaintiff, that attorney turned out to represent Recellular.  Plaintiff asserts that she has tried to do everything she can think of to find a lawyer and that she does not know anyone who speaks English any better than she does.  Court staff contacted a Chinese student organization, a member of which expressed a willingness to assist plaintiff with translation.  However, plaintiff claims that this person has not responded to her messages.

The Court previously cautioned plaintiff that even if she can show good cause for the Court to appoint counsel, such an appointment is not automatic. (Dkt. 20).  The Court also told plaintiff that finding an attorney willing to take a court appointment is a difficult, lengthy, and often fruitless process.  (Dkt. 20).  It has become apparent to the Court, that plaintiff believes she is entitled to a court-appointed attorney, but the law does not recognize a right to an attorney in a civil case.

Under 28 U.S.C. § 1915(e)(1), a federal court may request an attorney to represent an indigent plaintiff on a voluntary basis. *Reneer v. Sewell*, 975 F.2d 261 (6th Cir. 1992). It is the practice of this Court to attempt to locate volunteer counsel in civil rights cases where exceptional circumstances exist, or in certain cases, *only* after a motion to dismiss or for summary judgment has been decided. *Reneer*, 975 F.2d at 261; *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1995). Plaintiff's claims have not yet been tested by a dispositive motion. Should plaintiff survive a motion to dismiss or summary judgment in this matter, plaintiff may re-file her motion for the appointment of counsel. However, even if the court were inclined to locate volunteer counsel to represent plaintiff, the chances are that such counsel would not be found. Attorneys willing to represent *pro se* litigants are extremely hard to find and plaintiff should not place any reliance on an attorney being located by the Court at any stage of this litigation. Plaintiff's second motion for appointment of counsel is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). A party may not assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a).

Any objections are required to specify the part of the Order to which the party

objects and state the basis of the objection.  Pursuant to Local Rule 72.1(d)(2), any

objections must be served on this Magistrate Judge.

<table>
<tr><td></td><td>s/Michael Hluchaniuk</td></tr>
<tr><td>Date: November 23, 2009</td><td>Michael Hluchaniuk<br>United States Magistrate Judge</td></tr>
</table>

## CERTIFICATE OF SERVICE

I certify that on <u>November 23, 2009</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>F. Arthur Jones, II and Melvin J. Muskovitz</u>, and I certify that I mailed by United States Postal Service the paper to the following non-ECF participant: <u>Fengmei Li, 3092 Village Circle, Ann Arbor, MI  48108</u>.

s/Tammy Hallwood
Case Manager
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7850
tammy_hallwood@mied.uscourts.gov